**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-10396 |
| Plaintiff - Appellee, | D.C. No. 2:06-cr-01160-MHM |
| v. | |
| ANTHONY LEE KOESTER, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Mary H. Murguia, District Judge, Presiding

Submitted September 27, 2011[**]

Before:     HAWKINS, SILVERMAN, and W. FLETCHER, Circuit Judges.

Anthony Lee Koester appeals from the 24-month sentence imposed upon

revocation of supervised release.  We have jurisdiction under 28 U.S.C. § 1291,

and we affirm.

---

     [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Koester contends that his guilty plea was not voluntary and intelligent because the district court misadvised him that the maximum possible penalty that could be imposed upon revocation of supervised release was 24 months cumulatively, rather than 24 months per revocation. Because Koester did not object on this basis in the district court, we review for plain error. *See United States v. Dominguez Benitez*, 542 U.S. 74, 76 (2004). There is no plain error because Koester has not shown a reasonable probability that he would not have pled guilty but for the alleged error. *See id.* at 83. Moreover, Koester received a total sentence of 24 months for revocation of supervised release.

Koester also contends that the 24-month revocation sentence violates the terms of his plea agreement because it resulted in a sentence that exceeds the 33-month maximum incarceration included in the plea agreement. This argument fails because the plea agreement sentencing limit does not include incarceration that might be imposed for violations of supervised release. *See United States v. Waknine*, 543 F.3d 546, 551 (9th Cir. 2008)("To decide whether a plea agreement has been breached, this court considers what the defendant reasonably understood when he pled guilty.")(internal quotation marks omitted).

**AFFIRMED.**